UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
WILSON GARCON,

        Plaintiff,

- against -

STARWOOD HOTEL AND RESORTS
WORLDWIDE, INC.,

        Defendant.
------------------------------------------------------ x

U.S.D.C. S.D.N.Y.
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 13, 2013

10 Civ. 5720 (PAC) (RLE)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Wilson Garcon ("Garcon") brings this action against Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, et seq. ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290, et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code § 8-101, et seq. ("NYCHRL"). Garcon alleges, inter alia, that Starwood's corporate subsidiary, Westin New York Hotel at Times Square ("Hotel") engaged in discriminatory conduct when it terminated his employment, failed to accommodate a disability, provided unequal terms and conditions of his employment, and retaliated against him for filing a complaint with the New York State Division of Human Rights ("NYSDHR"). (Compl., ECF No. 2.) On January 30, 2012, Starwood moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (ECF No. 19.) On September 27, 2012, Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("R&R") that Starwood's motion be granted. (See ECF No. 40.) For the following reasons, the Court adopts the R&R and GRANTS Starwood's motion for summary judgment.

1

## BACKGROUND[1]

In 2006, the Hotel hired Garcon as a custodial worker. Garcon was represented by the New York Hotel and Motel Trades Council and Union Local 6. A collective bargaining agreement ("CBA") containing a seniority provision governs all matters, including transfer requests, between Hotel management and employees that are part of the union. In 2008, Garcon was transferred to an overnight steward position, where he was near the bottom of the seniority system. Between 2009 and 2010, Garcon was injured on the job, was involved with a dispute with a co-worker, and eventually stopped coming to work. On May 4, 2009, Garcon filed a complaint with the NYSDHR and the Equal Employment Opportunity Commission ("EEOC") alleging that the Hotel engaged in discrimination when it issued him disciplinary warnings for attendance and failed to discipline the co-worker with whom he had a dispute. Garcon subsequently returned to work, but the Hotel denied his request to transfer to a daytime position, pursuant to the seniority provision in the CBA. On June 25, 2009, Garcon filed a second complaint with the NYSDHR and EEOC alleging that the transfer denial was based on retaliation for his first complaint. The agencies issued a "no probable cause" finding in response to both of Garcon's complaints. In or around August 2010, Garcon was placed on medical leave and has not reported to work since.

## DISCUSSION

### I.     STANDARD OF REVIEW

This Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1). Where no timely objections to a report have been made, the district court may accept the report if there is no clear error on the face of the record. Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169

---

[1] The following facts are taken from the September 27, 2012 R&R. (See ECF No. 40 at 1−4.)

(S.D.N.Y. 2003).  When a party makes a timely objection to the magistrate's recommendations, the court reviews the contested portions de novo.  Adams v. New York Stated Dep't of Educ., 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012).

Summary judgment is appropriate where the movant shows there is no genuine dispute of any material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the suit's outcome under the governing law.  SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009).  The movant bears the initial burden of producing evidence on each material element of its claim or defense that demonstrates it is entitled to relief.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A movant can satisfy its burden if it points to an absence of evidence to support an essential element of the nonmoving party's claim.  See  Cordiano v. Metacon Gun Club, Inc., 575 F.3d 199, 204 (2d Cir. 2009).

Where a movant shows no genuine issues of material facts, the nonmoving party must provide more than "conclusory allegations, conjecture, and speculation" to refute this showing. Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003).  Rather, to survive a summary judgment motion, the nonmoving party must present specific admissible evidence in support of its contention that there is a genuine dispute as to material facts.  See Fed. R. Civ. P. 56(e); Niagara Mohawk, 315 F.3d at 175.  In ruling on a motion for summary judgment, the Court resolves all ambiguities and draws all factual inferences in favor of the nonmoving party.  McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006).

## II. PLAINTIFF'S OBJECTIONS

After being served with a copy of the magistrate judge's recommended disposition, a party has fourteen days to file specific written objections to the proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections to a report and

3

recommendation results in waiver of those objections.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); see also 28 U.S.C. § 636(b)(1).  Magistrate Judge Ellis instructed both parties that failure to file timely objections to the R&R would result in waiver of those objections.  (R&R at 19.)

Garcon filed his objections to the September 27, 2012 R&R on October 15, 2012, or eighteen days after the R&R was entered.[2]  (See ECF No. 42.)  Garcon thus failed to file his objections within fourteen days of the September 27, 2012 R&R and waived these objections.  Accordingly, the Court reviews Magistrate Judge Ellis's R&R for clear error.

Even if the Court were to consider Garcon's objections, however, the objections would not alter the Court's analysis or conclusions.  The Court concludes, based on its own review of the record, that summary judgment is warranted, substantially for the reasons stated below.

## III.   THE REPORT AND RECOMMENDATION

### A.   ADEA and ADA Claims

As a condition precedent to filing ADA and ADEA claims in federal court, a plaintiff must pursue available administrative remedies and file a timely complaint with the EEOC or an administrative agency.  See Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000).  Magistrate Judge Ellis concluded that Garcon failed to exhaust the statutorily required administrative remedies with respect to his ADEA claim because Garcon did not allege any facts in his administrative complaints that would have warned the Hotel of a potential ADEA claim.  (See R&R at 7.)  Accordingly, Magistrate Judge Ellis concluded that the Court does not have jurisdiction over that claim, and recommended granting Starwood summary judgment.  (Id.)  The Court finds no clear error with these conclusions and recommendation.

---

[2] Although Garcon initiated this action pro se, he has been represented by counsel in this matter since March 21, 2012, and was represented at the time the objections were filed.  (ECF No. 28.)

While Magistrate Judge Ellis found that Garcon's ADEA claim was unexhausted, with respect to Garcon's ADA claim, Magistrate Judge Ellis found that the claim was sufficiently related to the allegations in his NYSDHR complaint such that jurisdiction was established. (R&R at 7–8.) A plaintiff who has filed a discrimination claim with an agency may satisfy the exhaustion requirement for additional claims not specifically alleged in the complaint if the additional claims are "reasonably related" to the claims in the original administrative complaint. Butts v. City of N.Y. Dept. of Hous. Pres. and Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), superseded by statute on other grounds as noted in Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 693 (2d. Cir. 1998).

However, Magistrate Judge Ellis concluded that Garcon did not meet his initial burden of establishing a prima facie ADA violation. (R&R at 10.) A plaintiff alleging employment discrimination under the ADA bears the initial burden of establishing a prima facie case, and to do so must demonstrate that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability. Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 869–70 (2d Cir. 1998). The parties primarily contest whether Garcon's requested accommodation was reasonable and whether Starwood's refusal to transfer Garcon to his desired shift was pretextual.

An employer's showing that a requested accommodation conflicts with a seniority provision is usually sufficient to establish that the accommodation is not reasonable as a matter of law. US Airways v. Barnett, 535 U.S. 391, 405 (2002). The plaintiff may rebut this by showing that special circumstances make the requested accommodation reasonable on the particular facts. Id. Magistrate Judge Ellis found that Starwood had provided sufficient evidence

5

that its transfer decisions were made pursuant to a bona fide seniority system under the CBA, and that Garcon provided no support for his argument that the requested accommodation was reasonable because Starwood made exceptions to this system. (R&R at 9−10.) Magistrate Judge Ellis thus concluded that Garcon failed to establish a prima facie violation of the ADA, and recommended that Starwood's motion for summary judgment be granted on this claim. (Id. at 10.) The Court finds no clear error with Magistrate Judge Ellis's conclusions or recommendations.

The Court thus grants Starwood's motion for summary judgment on Garcon's ADEA and ADA claims.

### B. Retaliation Claim

To establish a prima facie retaliation claim under Title VII, a plaintiff must show participation in a protected activity known to the defendant, an employment action disadvantaging the plaintiff, and a causal connection between the protected activity and the adverse action. Johnson v. Palma, 931 F.2d 203, 207 (2d Cir. 1991). Magistrate Judge Ellis again concluded that Garcon failed to make a prima facie showing of retaliation to overcome Starwood's showing that its denial of the transfer was based entirely on the CBA seniority system, and recommended that Starwood's motion for summary judgment be granted on this claim. (R&R at 10–11.) The Court finds no clear error with this conclusion or recommendation. The Court thus grants Starwood's motion for summary judgment on Garcon's retaliation claim.

### C. Hostile Work Environment Claim

Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national

origin." 42 U.S.C. § 2000e-2(a)(1).  Garcon asserts a hostile work environment claim under Title VII premised on an altercation with his supervisor in February 2009.  (E.g., Compl. at 5; ECF No. 31 at 10–11.)  To prove the existence of a hostile work environment, a plaintiff must show that the workplace is permeated with discrimination sufficiently severe enough to alter the employee's employment conditions and to create an "abusive working environment."  Howley v. Town of Stratford, 217 F.3d 141, 153 (2d Cir. 2000) (quotations omitted).  A single incident is ordinarily insufficient to establish a hostile work environment, unless that incident is "extraordinarily severe," Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000), or constitutes an "intolerable alteration" in the employee's working environment, so as to substantially interfere with his ability to perform his duties.  Mathirampuzha v. Potter, 548 F.3d 70, 79 (2d Cir. 2008).  Additionally, the plaintiff must show a specific basis for attributing the conduct creating the hostile environment to his employer.  Howley, 217 F.3d at 154.

     Magistrate Judge Ellis found that Garcon continued to work after the February 2009 incident with his supervisor he alleges gave rise to a hostile work environment, and did not present evidence showing that the incident hindered his ability to do his job.  (R&R at 14.)  Further, Garcon did not allege a pattern of discriminatory comments by his supervisor.  Magistrate Judge Ellis thus concluded that Garcon did not meet his burden of alleging facts sufficient to show a hostile work environment and, accordingly, recommended that Starwood's motion for summary judgment on Garcon's Title VII claim be granted.  (Id.)  The Court finds no clear error with Magistrate Judge Ellis's conclusions or recommendation, and thus grants Starwood's motion for summary judgment on Garcon's hostile work environment claim.

### D. Supplemental Jurisdiction over the NYSHRL and NYCHRL Claims

Under the New York State Human Rights Law and New York City Human Rights Law, a plaintiff who has previously filed a complaint with the NYSDHR may not file a lawsuit based on the same underlying conduct. N.Y. Exec. Law § 297(9); N.Y.C. Admin. Code § 8-502(a); see Dimps v. New York State Office of Mental Health, 777 F. Supp. 2d 659, 661 (S.D.N.Y. 2011); Petrisch v. JP Morgan Chase, 789 F. Supp. 2d 437, 453 (S.D.N.Y. 2011). If the facts of a judicial claim arise out of the same incident or are based on the "same operative events" as an earlier administrative complaint, that claim is precluded under the doctrine, and the Court lacks jurisdiction to consider it. See Higgins v. NYP Holdings, Inc., 836 F. Supp. 2d 182, 187–89 (S.D.N.Y. 2011).

Magistrate Judge Ellis concluded that Garcon's NYSHRL and NYCHRL claims are barred under the election of remedies doctrine because the facts of those claims were "substantially involved" in the complaints Garcon filed in 2009 with the NYSDHR. (R&R at 16.) The NYSDHR conducted a thorough investigation and dismissed both complaints based upon a finding of "no probable cause," and therefore, Garcon's NYSHRL and NYCHRL claims may not be brought again as a plenary action in court. (R&R at 15 (citing Fleury v. New York City Transit Auth., 160 F. App'x 34, 37 (2d Cir. 2005) (summary order).) Furthermore, Magistrate Judge Ellis concluded that the "administrative convenience" exception to this jurisdictional bar was not met because there is no indication that the complaints before the NYSDHR were dismissed on the grounds of administrative convenience.[3] The Court finds no clear error with Magistrate Judge Ellis's consideration of the NYSDHR decision's preclusive effect or the jurisdictional bar it creates.

---

[3] Magistrate Judge Ellis noted that "[i]f Garcon wishes to appeal the two administrative findings, he must do so to the New York Supreme Court." (R&R at 16.)

Accordingly, the Court grants Starwood's motion for summary judgment on Garcon's NYSHRL and NYCHRL claims.[4]

## CONCLUSION

For the reasons set forth above, the Court finds no clear error in Magistrate Judge Ellis's September 27, 2012 R&R and adopts it. Accordingly, Starwood's motion for summary judgment is GRANTED. The Clerk of Court is directed to enter judgment in favor of the defendant and terminate this case.

Dated: New York, New York
       February 13, 2013

SO ORDERED

*Paul Crotty*

PAUL A. CROTTY
United States District Judge

---

[4] Because the Court agrees with Magistrate Judge Ellis's conclusions and grants Starwood's motion for summary judgment on each of the substantive claims, it need not address Starwood's judicial estoppel or contradictory facts argument.